IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keiron Coleman, | ) | |
| | ) | C/A No. 4:20-4475-MBS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden, McCormick Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Keiron Coleman is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at McCormick Correctional Institution in McCormick, South Carolina. On December 28, 2020, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996.

## I. FACTS AND PROCEDURAL HISTORY

On March 25, 2013, Susan Marotte returned to her home to find the door unlocked, mud on the floor, and a screen removed from the master bedroom window that was partially open. Ms. Marotte also found a cigarette burn and cigarette butt on her rug. Ms. Marotte called the Horry County, South Carolina, police department and reported the break in. While a police officer was processing the scene, Ms. Marotte's daughter came home and discovered two jewelry boxes and a camera were missing from her bedroom. A few days later, Ms. Marotte reported approximately $1,400 worth of jewelry was missing.

Also on March 25, 2013, a neighbor, Nancy Ross, noted an unfamiliar silver vehicle parked in front of her house with a woman in the driver's seat. She then observed two males knocking at

her door and ringing her doorbell. When she did not respond, the men attempted to enter her home through a sliding glass door. Ms. Ross called the police, who arrived within five or ten minutes. By that time, the intruders had left in the silver vehicle. While Ms. Ross was being interviewed, the silver vehicle again passed in front of her residence. Ms. Ross pointed out the vehicle to law enforcement, who followed the vehicle and consequently apprehended Petitioner and a co-defendant, Jordan Dudley, along with Shakerra Cowan, the woman who was driving. Law enforcement located in the vehicle jewelry boxes, jewelry, a camera, tie clips, cufflinks, and miscellaneous other items. Various pieces of jewelry were retrieved from Petitioner's pocket. In addition, marijuana was located during the search of the vehicle. Petitioner, Dudley, and Cowan were placed under arrest. The pursuit and subsequent interactions between law enforcement and the occupants of the vehicle were recorded via the police vehicle's dash camera.

Petitioner was indicted on May 30, 2013 for burglary in the first degree. ECF No. 29-3, 91-92. Dudley was indicted for burglary in the second degree. Dudley pleaded guilty on March 12, 2014. Petitioner proceeded to a jury trial before the Honorable Larry B. Hyman commencing March 12, 2014. The jury found him guilty on March 13, 2014. After the trial judge reviewed Petitioner's prior criminal history, he sentenced Petitioner to the custody of the South Carolina Department of Corrections for a term of twenty-five years. Judgment was entered March 18, 2014. ECF No. 29-4, 5. Petitioner, through counsel, filed a notice of appeal on March 18, 2014. ECF No. 29-4, 1.

On or about August 19, 2014, the South Carolina Commission on Indigent Defense filed an Anders brief[1] on Petitioner's behalf, raising the following ground for relief:

The trial judge erred in allowing the jury to hear testimony that marijuana was found

---

[1] Anders v. California, 386 U.S. 738 (1967).

in the get-a-way vehicle used after the alleged burglary because the discovery of marijuana in this vehicle was irrelevant and inadmissible prior bad act evidence that prejudiced appellant's defense as the only items taken from the home in question were a camera, jewelry, and two jewelry boxes.

ECF No. 29-5, 4.

Petitioner filed a pro se brief, contending:

The trial judge did error allowing testimony to be heard by the jury that was both a Miranda violation and ruling violation.

Terry stop and frisk for a traffic stop

Prior convictions violation convictions 20 years or over inadmissible even for inpeachment my prior conviction dates are from 1988 and 1994 they were allowed at trial and heard by the jury over defense lawyer J.M. Long objection, and overruled by Judge Hyman.

Judge denied two request for a direct verdict even when the state witness not one place me in the house or evidence was used at trial because state errored in testing any of the evidence.

The trial judge errored by allowing testimony of Ms Nancy Ross to be heard by the jury as evidence was a separate incident and matter[.]

Trial judge errored allowing prejudice statements by Shakerra Cowan to be heard by the jury was hearsay.

See generally ECF No. 29-6.

The appeal was dismissed after consideration of the Anders brief and Petitioner's pro se brief on July 29, 2015.  ECF No. 29-7.  The remittitur was issued on August 14, 2015.  ECF No. 29-8. According to the Horry County Fifteenth Judicial Circuit Public Index, the remittitur was filed on August 17, 2015.  See https://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County= 26&CourtAgency=26001&Casenum=2013GS2602238&CaseType=C&HKey=115115981078586 74122825210211110899120116119010052497312180496977681097111653101108998352571 177011882107 (accessed January 12, 2022).

On October 20, 2015, Petitioner filed an application for post-conviction relief (PCR) in which he raised the following grounds for relief:

> Counsel failed to object to prosecutions misconduct vouching and bolstering of witnesses prejudiced defendants defense. The prosecution may not vouch for the credibility of government witnesses.
>
> Counsel's statements prejudiced defendant's defense rendering counsel ineffective assistance. Counsel made statements that were harmful to the defense exhibiting a lack of confidence to the jury showing submission and defeat at trial.
>
> Counsel's failure to request suppression, pretrial hearing the trial court erred in admitting statements to police into evidence that came way by Miranda violation which prejudiced his case.
>
> Counsel failed to object to state's witnesses Ms Shakerra Cowan testimony at trial to see if statements were valid under the Miranda rule.
>
> Appellate counsel failed to argue or assert prosecutorial misconduct on defendants appeal when there was evidence of such misconduct during trial and closing arguments.
>
> Appellate counsel was ineffective assistance counsel. Failed to find any issues with merit on trial. Counsel filed a Ander's Brief in defendants appeal citing a no merit claim defendant counter-claimed and proceeded in his appeal pro se.
>
> Counsel failed to object to trial judge prejudice statement and abuse of discretion based on trial judge's own opinion without implying defendants guilt or innocence in order to establish codefendants is seperated by his own trial and plea agreement in which was to be based on what he pleaded guilty to[.]
>
> Counsel was ineffective and failed to object to trial judge prejudice statements when defendant is entitled to a fair and impartial trial.
>
> Counsel failed to object to trial judge abuse of discretion and prejudice statements denied defendant of a direct verdict and fair trial.

See generally ECF Nos. 29-2, 111-151; 29-3, 4-6.

On May 22, 2017, Petitioner, through counsel, supplemented his PCR application by adding the following grounds for relief:

Trial counsel failed to request a jury instruction for mere presence. The evidence and testimony at trial supported a charge of mere presence. The jurors could have acquitted Coleman based on a mere presence instruction from the judge and based on Coleman's testimony.

Trial counsel failed to request the appropriate jury instruction on circumstantial evidence pursuant to State v. Logan, 405 S.C. 83, 747 S.E.2d 444 (2013).

Trial counsel failed to request the lesser included offense of burglary in the second degree.

See generally ECF No. 29-3, 14-15.

A hearing on Petitioner's PCR application, as amended, was held on September 18, 2017. ECF No. 29-3, 16-60. On November 13, 2017, the PCR judge issued an order denying and dismissing Petitioner's PCR application with prejudice. The order was entered on December 6, 2017. ECF No. 29-3, 70-86.

On September 21, 2018, the South Carolina Commission of Indigent Defense filed a Johnson[2] petition for writ of certiorari on Petitioner's behalf. ECF No. 29-9. The Johnson petition raised the following issue:

Whether petitioner's conviction should be reversed because trial counsel's failure to request a proper circumstantial evidence charge pursuant to State v. Logan, 405 S.C. 83, 747 S.E.2d 444 (2013), constitutes ineffective assistance of counsel under the Sixth Amendment?

ECF No. 29-9, 3.

Petitioner, proceeding pro se, also filed a petition for writ of certiorari, which petition was filed with the South Carolina Court of Appeals on October 23, 2018. He raised the following issues:

Whether petitioner's conviction should be reversed because trial counsel failed to object to testimony in violation of "Miranda" constitutes ineffective assistance of

---

[2]Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

counsel under the Sixth Amendment.

Whether petitioner's conviction should be reversed because the courts finding of facts and conclusion of law pursuant to Sellner v State, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (citing Jordan v Statee 406 S.C. 443, 448, 752 S.E.2d 538, 540 (2013) finding of fact.

Whether petitioner's conviction should be reversed because trial counsel failed to object to prosecutorial misconduct pursuant to US v Lewis 10 f3d 1086.

See generally ECF Nos. 29-11, 29-12, 29-13.

Whether petitioner's conviction should be reversed because trial counsel failure to argue in his objection to play the audio on the video due to the agreement made by both counsel and instructed by the court.

Whether petitioner's conviction should be reversed because trial counsel failed to function as the government's adversary during his summation to the jury pursuant to US v Swanson 943 f2d 1070 (9th Cir 1991) constitutes ineffective assistance of counsel under the Sixth Amendment.

See generally ECF No. 34.

The South Carolina Court of Appeals issued an order on December 10, 2019 in which it

denied the petitions for a writ of certiorari. ECF No. 29-14. Remittitur was issued on January 2,

2020, and filed on January 9, 2020.

## DISCUSSION

Title Twenty-Eight, United States Code, Section 2254 provides:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
        (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B)(i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the

rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
　　(A) the claim relies on--
　　(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
　　(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

　　(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

underlying offense.

(f) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

(g) A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

(h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

(i) The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

The limited scope of federal review of a state petitioner's habeas claims is grounded in fundamental notions of state sovereignty. Richardson v. Branker, 558 F.3d 128, 138 (4th Cir. 2012) (citing Harrington v. Richter, 562 U.S. 86, 103 (2011)). When a federal court adjudicates a habeas corpus petition brought by a state prisoner, that adjudication constitutes an intrusion on state sovereignty. Id. (citing Harrington, 562 U.S. at 103). A federal court's power to issue a writ is limited to exceptional circumstances, thereby helping to ensure that "'state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding.'" Id. (citing Harrington, 562 U.S. at 103). The restrictive standard of review "'further[s] the principles of comity,

finality, and federalism.'" Id. (citing Williams v. Taylor, 529 U.S. 362, 364 (2000)). "'The pivotal question is whether the state court's application of the [applicable federal legal] standard was unreasonable.'" Id. (quoting Harrington, 562 U.S. at 103). So long as fairminded jurists could disagree on the correctness of a state court's decision, a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court. Id. (citing Harrington, 562 U.S. at 102).

Petitioner asserts the following grounds for relief in his § 2254 petition:

**GROUND ONE**: Trial counsel failed to request a jury instruction for mere presence.

**GROUND TWO**: Trial counsel failed to request the appropriate jury instruction on circumstantial evidence pursuant to State v Logan

**GROUND THREE**: Trial counsel failed to request the lesser included offense of burglary in the second degree

**GROUND FOUR**: failure to object to testimony of Shakerra Cowan

ECF No. 1, 5-10.

[**GROUND FIVE**:] Counsel's failure to object to Judge Larry B Hyman improper questions of a non-testifying witness implication the defendant during co-defendant, Mr. Jordan Dudley's plea offer. If ineffective assistance of counsel is violation of the 14th Amendment and 6th Amendment.

[**GROUND SIX**:] Counsel failure to request Brady inspection of State's evidence "Newport cigarette butt" for identification pursuit to Brady v. Maryland 373 U.S. 83 (1963). Constitutes ineffective assistance of counsel under the 6th Amendment.

[**GROUND SEVEN**:] Counsel failed to request suppression of Ms. Shakerra Cowan unwarned miranda testimony during her custodial interrogation, while she was a suspect. Pursuant to Mo v. Seibert, 542 U.S. 600, 615 (2004), testimony is ineffective assistance to counsel.

[**GROUND EIGHT**:] Counsel failed to object to testimony of evidence not produced at trial for inspection or examination for the defendant to comfort. Pursuit to Brady v. Maryland 373 U.S. 83 S.C. 1194 (1963), also see Jencks v. U.S. 353 U.S. 657, 77 Sct 1007 (1957)

ECF No. 1-1, 1-24.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.  On June 16, 2021, Respondent Warden, McCormick Correctional Institution filed a return and memorandum as well as a motion for summary judgment.  Responded argued (1) the § 2254 petition was filed outside of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d);  (2) Grounds Five, Six, and Eight had been procedurally defaulted; and (3) the remaining grounds were without merit.  On June 17, 2021, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately.  Petitioner filed a response in opposition on July 8, 2020.

On July 24, 2020, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge concluded that Petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge calculated that 67 days of untolled time passed between August 14, 2015, the date the South Carolina Court of Appeals issued its remittitur as to Petitioner's direct appeal, until October 20, 2015, the date Petitioner filed his PCR application. The Magistrate Judge then determined that the limitations period was tolled from October 20, 2015, until January 2, 2020, the day the Court of Appeals issued its remittitur. Another 355 days of untolled time passed until, granting Petitioner the benefit of Houston v. Lack, 487 U.S. 266 (1988), the § 2254 petition was filed on December 22, 2020. Altogether, a total of 422 days of untolled time lapsed, well in excess of the 365 days allowable under § 2244(d).[3]

The Magistrate Judge observed that the one-year limitations period can be subject to equitable tolling, which is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. The Magistrate Judge recited that Petitioner had submitted an affidavit on February 22, 2021 in which he averred that "[b]etween March 2020 and present day South Carolina department of Corrections have been placed on quarantine, lockdown, preventing access to courts and law library due to social distant restrictions here at McCormick[.]" ECF No. 14. Petitioner asked that "the court [] take these circumstances with great consideration regarding the finalization of my appeal which is 47 days late would be a travesty of justice if this pandemic is not considered

---

[3]The Magistrate Judge also found that the § 2254 petition still would be untimely filed using the remittitur filing date rather than the remittitur issue date. Here, using the appeal remittitur filing date of August 17, 2015, 64 days of untolled time passed from August 18, 2015, until filing of the PCR application on October 20, 2015. Time was tolled until filing of the PCR remittitur on January 9, 2020. Untolled time commenced again on January 10, 2020 until the filing date of December 22, 2020, a total of 348 days. The total untolled time is 412 days, still excess of the one-year limitations period.

just cause for being late on appeal[.]" Id. The Magistrate Judge found no extraordinary circumstance existed as to why Petitioner could not file his § 2254 petition between the time the PCR appeal concluded until McCormick Correctional Institution entered lockdown in March 2020. Accordingly, the Magistrate Judge recommended that the § 2254 petition be dismissed as time-barred, and Respondent's motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on August 18, 2021, to which Respondent filed a reply on September 1, 2021.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

In his objections, Petitioner contends that he and other inmates at McCormick Correctional Institution have been on lockdown since 2018 because of a prison riot that took place at Lee Correctional Institution on April 15, 2018. Petitioner asserts that he was prevented from accessing the law library all of 2019 and 2020 because of ongoing incidents, including a stabbing death at McCormick Correctional Institution.

A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). The Court of Appeals for the Fourth Circuit has stated:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship

12

> supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Huchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In Gaylord v. Johnson, Civil Action No. ELH-14-2734, 2016 WL 1258432 (D. Md. Mar. 31, 2016), the Maryland District Court determined that limited access to a law library, "including restrictions due to security measures, does not constitute extraordinary circumstances, given the stringent security procedures in prisons." Id. at *3 (citing cases). Further, the Maryland District Court noted that institutional lockdowns "are incidental to prison life and do not amount to extraordinary circumstance[s] necessary to warrant equitable tolling." Id. (citing cases). The court agrees with the Maryland District Court's analysis. Petitioner's objection is without merit.

Petitioner filed a motion to amend his objections on September 17, 2021. Petitioner asserts that Respondent's summary judgment motion was misleading regarding Shakerra Cowan's testimony. Petitioner also contends that his conviction was obtained without due process and suggests Ms. Cowan gave perjured testimony against him. Respondent filed a response in opposition to Petitioner's motion to amend on October 1, 2021, to which Petitioner filed a reply on October 25, 2021.

As an initial matter, the court thoroughly reviewed the trial transcript and did not rely on Respondent's statement of facts. Further, the claims Petitioner makes were issues for direct appeal, and, in point of fact, were raised in state court. To the extent Petitioner asserts new grounds for relief, his claims are untimely. Petitioner's motion to amend is denied.

## IV.  CONCLUSION

The court concurs with the Report and Recommendation and incorporates it herein by reference. For the reasons stated in the Report and Recommendation and hereinabove, Respondent's motion for summary judgment (ECF No. 30) is **granted** on the grounds that Petitioner's § 2254 petition is time-barred.  Petitioner's motion to amend (ECF No. 43) is **denied**.  Petitioner's § 2254 petition is denied and dismissed, with prejudice.

## V.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge


Columbia, South Carolina

February 1, 2022


**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**